William Ted PYLE, Appellant,

v.

STATE of Indiana, Appellee.

No. 683S214.

Supreme Court of Indiana.

May 30, 1986.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a resentencing conducted pursuant to this Court's order in *Pyle v. State* (1985), Ind., 476 N.E.2d 124. Originally, the trial court, Hon. Hermann Busse sentenced Appellant to ten years on Count I, confinement, CR–81–168, and forty years on Count II, attempted murder, CCR–81–168. The sentences on these counts were to run concurrently. The trial court also sentenced him to ten years on Count I, confinement, CCR–81–169, which was to run consecutively to the forty year attempted murder sentence. Appellant challenged the consecutive ten year confinement sentence.

The pertinent part of the first opinion is set forth here:

Appellant complains that the trial court erred in imposing a consecutive sentence for the confinement of Ms. Sowers.

Although the trial court has the discretion to impose concurrent or consecutive sentences in certain cases, aggravating circumstances must be listed where consecutive sentences are imposed. The record must disclose what factors were considered by the trial court to be mitigating or aggravating circumstances, and the record must further show that the determination of sentence was based upon a consideration of the facts of the specific crime and what relation the sentence bears to the objectives that will be served by a consecutive sentence, *Washington v. State* (1981), Ind., 422 N.E.2d 1218.

Here the aggravating circumstances were not listed,

The convictions are affirmed and this case is remanded for a sentencing hearing consistent with this opinion.

*Pyle v. State, supra,* at 127.

On remand, the trial court, Hon. Thomas Ryan, conducted a sentencing hearing and sentenced appellant as follows:

Count I, confinement, 10 years, CCR–81–168.

Count II, attempted murder, 30 years, CCR–81–168.

Count I, confinement, 10 years, CCR–81–169.

All of the sentences are to run consecutively.

The trial court justified the imposition of the consecutive sentences with the following aggravating circumstances:

(1) appellant's extensive criminal history;

(2) the offenses were separate;

(3) the offenses had two victims;

(4) the offenses were committed in a ruthless, premeditated, and heartless manner.

Appellant raises two issues on appeal: (1) whether he received an increased sentence on remand; (2) whether the trial court erred in imposing consecutive sentences.

I

Appellant complains that a thirty year sentence and a ten year consecutive sentence is greater than a forty year sentence and a ten year concurrent sentence. The basis of this claim is that the consecutive sentencing detrimentally impacts upon the use of good time and upon the possibility of his eventual parole and/or release.

There is no authority cited to support the position; and after careful review, we can

discern no basis for it. The sentence received on remand is the equivalent of the original sentence.

## II

Appellant argues that the trial court erred in imposing consecutive sentences. The claim is based upon the premises that the consecutive sentences are not supported by sufficient aggravating circumstances and that any aggravating circumstances are outweighed by the mitigating circumstances.

The aggravating circumstances the trial court listed, supra, are sufficient to support the imposition of consecutive sentences in both instances. The trial court heard evidence as to the mitigating circumstances, and its sentencing statement reflects that they were of insufficient weight. We discern no reason to disturb the sentences imposed by the trial court because it is clear that a reasonable person could find them appropriate to the particular offenses and offender, App.Rev.Sent.Rule 2, and because it is clear that the aggravating circumstances justify the imposition of consecutive sentences in both instances.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ. concur.